IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHERYL WALKER STUBEE,<br><br>Plaintiff,<br><br>v.<br><br>MEXICHEM SPECIALITY RESINS, INC.,<br><br>and<br><br>ORBIA ADVANCE CORPORATION, S.A.B. de C.V.<br><br>Defendants. | **FIRST AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND**<br><br>Case No.: 1:25-cv-02614-KMW-MJS |

## INTRODUCTION

Plaintiff Sheryl Walker Stubee ("Plaintiff") brings this class action lawsuit against Defendants Mexichem Specialty Resins, Inc. ("Mexichem") and Orbia Advance Corporation, S.A.B. de C.V. ("Orbia," and together with Mexichem, "Defendants") on behalf of herself and all other similarly situated workers, who were improperly denied severance pursuant to contract, the New Jersey Wage Collection Law, N.J.S.A. § 34:11:57 *et seq.* ("WCL"), and/or the New Jersey WARN Act, N.J.S.A. § 34:21-1 *et seq*. ("NJ WARN"), and/or the New Jersey Wage Payment Law, N.J.S.A §34:11-4.1 *et seq.* ("WPL").

## NATURE OF THE ACTION

1. This is a putative class action brought by a former employee of Defendants seeking unpaid severance pursuant to contract, the WCL, the WPL, and/or NJ WARN.

## PARTIES

2. Plaintiff Sheryl Walker Stubee is an adult individual residing in New Jersey. Plaintiff was employed by Defendants at their PVC plant in Pedricktown, New Jersey as a Lab Tech Lead. She worked for Defendants at the Pedricktown Plant from approximately 2002 through her termination on February 13, 2025.

3. Defendant Mexichem is a Delaware corporation headquartered in Ohio and is a subsidiary of Defendant Orbia. Up until February 13, 2025, Mexichem operated a PVC plant in Pedricktown, New Jersey where Plaintiff and many putative members of the Classes worked. Defendant Mexichem was at all times relevant to this lawsuit an "employer" of Plaintiff and the putative Classes within the meaning of the WPL, WCL and NJ WARN.

4. Defendant Orbia is a Mexican company with United States headquarters in Waltham, Massachusetts. Defendant Orbia was at all times relevant to this lawsuit an "employer" of Plaintiff and the putative Classes within the meaning of the WPL, WCL and NJ WARN.

5. Plaintiff seeks to represent the following classes of similarly situated persons pursuant to Federal Rule of Civil Procedure 23:

> All former employees who worked for Defendants Mexichem and/or Orbia anywhere in the United States in the last six years and were not paid their full contractual severance (the "Severance Class");
>
> All former employees who worked for Defendants Mexichem and/or Orbia in New Jersey within the last six (6) years and were not paid their full contractual severance (the "NJ Severance Subclass");
>
> All former employees who worked for Defendants Mexichem and/or Orbia in New Jersey, and were terminated following Defendants' WARN Notice, and were not paid their full contractual severance and/or NJ WARN severance, whichever is greater ("NJ WARN Class").

6. The Severance Class, NJ Severance Subclass and NJ WARN Class are collectively referred to herein as the "Classes." The NJ Severance Subclass and the NJ WARN Class are collectively referred to herein as the "NJ Classes."

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff's damages in this matter, exclusive of interests and costs, exceed $75,000.

8. Pursuant to 28 U.S.C. § 1391, venue is proper in this District because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District and because Defendants conduct business in this District.

9. To the extent any administrative exhaustion requirement exists with regard to the WCL claim, Plaintiff contemporaneously filed the original Complaint with the Wage Collection Division of the New Jersey Department of Labor and Workforce Development ("NJDOL"), and pursuant to N.J.S.A. § 34:11-66, demanded a jury trial on all WCL issues. Plaintiff, via counsel, informed the NJDOL that Plaintiff had contemporaneously filed the Complaint in New Jersey Superior Court and wrote, "pursuant to Wage Collection Law, N.J.S.A. § 34:11-58(a), Plaintiff files the enclosed Complaint with the Wage Collection Division of the Department. Please be advised that pursuant to N.J.S.A. § 34:11-66, as stated in the Complaint, Plaintiff demands a jury trial on all issues."

10. Because Plaintiff had also filed her Complaint in Superior Court, the NJDOL declined to hear the matter.

## FACTS

11. Defendant Orbia operates in many industries internationally and across the United States, including in the "Polymer Solutions (Vestolit and Alphagary), Building and Infrastructure

3

(Wavin), Precision Agriculture (Netafim), Connectivity Solutions (Dura-Line) and Fluor & Energy Materials (Koura) sectors." *See* https://www.orbia.com/this-is-orbia/ (last accessed March 2, 2025).

12. Defendant Orbia "has a global team of over 23,000 employees, commercial activities in more than 100 countries and operations in over 50, with global headquarters in Boston, Mexico City, Amsterdam and Tel Aviv." *Id.*

13. Defendant Mexichem is a subsidiary of Defendant Orbia, operating within its polymer solutions line of business.

14. Defendants Orbia and Mexichem together operated a PVC plant in Pedricktown, New Jersey (the "Plant").

15. Defendants Orbia and Mexichem together employed about 100 employees at the Plant.

16. Though Plaintiff was ostensibly directly employed by Defendant Mexichem, all employment policies and practices that governed the terms and conditions of Plaintiff's employment, including but not limited to the Orbia Severance Guidelines, were issued and controlled by Defendant Orbia.

17. Defendants Orbia and Mexichem shared the same labor relations and/or human relations personnel.

18. On February 13, 2024, Defendants Orbia and Mexichem sent Plaintiff and all their employees who worked at the Pedricktown Plant a WARN notice letter informing employees that Defendants Orbia and Mexichem would be shutting down their operations at the Plant on or before March 31, 2025.

19. The letter was on Orbia letterhead and was signed by Jeffrey D. Williamson, Senior U.S. People Manager for Defendant Orbia.

20. Defendants Mexichem and Orbia were both involved in the decision to terminate operations at the Pedricktown Plant and to terminate the employment of Plaintiff and the NJ WARN Class.

21. The letter stated, among other things, that "<u>we</u> have reviewed our global footprint and have determined that despite the great work and commitment of our Pedricktown team, it is necessary to close the Pedricktown Plant.… It is with deepest regret that I inform you that your position will be eliminated on or before March 31, 2025." (emphasis added). The "we" in the letter referred to Defendants Mexichem and Orbia.

22. Defendants Orbia and Mexichem made several offers/promises to Plaintiff and the Plant employees in the letter (hereinafter referred to as the "Offer Letter"):

   a. "You will receive your Separation Agreement at least 90 days prior to your termination."

   b. "Because you are crucial to the successful and safe closure of the facility, we would like to provide a Retention Bonus, if you remain continuously employed in good standing on active, fill-time basis from today through your assigned termination date."

   c. "In addition, we plan to abide by the Orbia Severance Guidelines, which provide two (2) weeks base pay per year of service (maximum of 26 weeks base pay), or abide by the New Jersey WARN Act, whichever is greater."

    d. "These payments and benefits are all conditioned on receipt of an executed Separation Agreement and your remaining continuous employment with Orbia on an active, fill-time basis from today through your assigned termination date."

    e. **Note**: Your severance plus your retention bonus will not exceed your annual base salary." (emphasis in original).

23. In other words, Defendants Orbia and Mexichem offered Plaintiff and the Plant employees that if they stayed employed with Defendants on a full-time basis through their assigned termination date, Defendants Orbia and/or Mexichem would pay Plaintiff and the other employees both: (i) a retention bonus; and (ii) severance equal to two (2) weeks base pay per year of service, or severance owed pursuant to NJ WARN, whichever was greater.

24. Upon information and belief, the Orbia Severance Guidelines independently promised Plaintiff and all employees of Defendants Orbia and/or Mexichem in New Jersey and across the United States that they would be provided two (2) weeks of base pay per year of service upon termination. Thus, Plaintiff and Plant employees were owed severance pursuant to both the Offer Letter and/or the Orbia Severance Guidelines.

25. In or around February 2025, Defendants Orbia and Mexichem together ceased operations at the Plant and (except for about 4 employees) together terminated the employment of all remaining Plant employees, resulting in a "termination of operations" within the meaning of NJ WARN. N.J.S.A. § 34:21-1.

26. Thus, pursuant to NJ WARN, Defendants Orbia and Mexichem were obligated to pay Plaintiff and other Plant employees severance equal to one week of pay for each full year of employment, or other promised severance, "<u>whichever is greater</u>." N.J.S.A. § 34:21-2 (emphasis added).

6

27. Plaintiff and NJ WARN Class Members performed as required pursuant to the terms stated in the Offer Letter, i.e., they stayed employed on a full-time basis with Defendants through their assigned termination date, which for Plaintiff was February 13, 2025.

28. Thus, pursuant to the terms of the Offer Letter, Defendants Mexichem and Orbia were obligated to pay Plaintiff and NJ WARN Class Members their retention bonus, plus severance pursuant to either the Orbia Severance Guidelines or as described in the Offer Letter or NJ WARN, whichever was greater.

29. Upon information and belief, Defendants Orbia and Mexichem paid Plaintiff, and all terminated Plant employees who remained employed through their assigned termination date, the retention bonus.

30. Upon information and belief, Defendants denied severance to Plaintiff and a group of employees who obtained employment with Oxy Chemical Corp. ("Oxy"), which is an unaffiliated company not owned or operated by Defendants.

31. Upon information and belief, Defendants Mexichem and Orbia paid severance to many other Plant employees terminated in or around February 2025 who did not obtain employment with Oxy, regardless of whether the employee obtained higher- or lower-paying employment, or no employment, following their termination from the Plant.

32. Defendants' improper denial of contractual severance to Plaintiff and any other employees across the United States within the last six (6) years, the Severance Class, constitutes a breach of contract.

33. Defendants' improper denial of severance to Plaintiff and any other employees in Jew Jersey within the last six (6) years, the NJ Severance Subclass, constitutes a breach of contract and violation of the WCL and WPL.

34. Defendants' improper denial of severance to Plaintiff and those employees terminated following the WARN notice, the NJ WARN Class, constitutes a breach of contract and violation of the WPL, WCL and NJ WARN.

35. Defendants also failed to provide Plaintiff and NJ WARN Class Members their separation agreement, as promised in the Offer Letter.

## CLASS ACTION ALLEGATIONS

36. This action is maintainable as a class action under Rule 23.

37. The putative Classes are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number would be based are within the sole custody and/or control of Defendants, upon information and belief, Defendants employed in excess of 40 Severance Class Members, in excess of 40 NJ Severance Subclass Members, and in excess of 20 NJ WARN Class Members.

38. Among the proposed Classes, common questions of law and fact exist as to all members of the Classes and predominate over any questions that affect only individual class members. Those common questions include but are not limited to: (a) whether Defendants failed to pay class members their contractual severance; (b) whether Defendants' failure to pay the contractual severance to NJ Severance Subclass Members violated the WCL and/or WPL; and (c) whether Defendants owe NJ WARN Class Members severance pursuant to NJ WARN.

39. Plaintiff's claims are typical of those belonging to members of the Classes in that: (1) Plaintiff is a member of the Classes; (2) Plaintiff's claims arise from the same practice or course of conduct that forms the basis of the Classes' claims; (3) Plaintiff's claims are based upon the same legal and remedial theories as those of the Classes and involve similar factual circumstances;

(4) there is no antagonism between the interests of Plaintiff and absent members of the Classes; and (5) the injuries that Plaintiff suffered are similar to the injuries that Class Members suffered.

40. Plaintiff will fairly and adequately represent the Classes. There is no conflict between Plaintiff's claims and those of other members of the Classes. Plaintiff has retained counsel who are skilled and experienced in class actions and who will vigorously prosecute this litigation.

41. The Classes are readily ascertainable from Defendants' own records.

42. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable. Furthermore, the damages suffered by individual members of the Classes may be relatively small, and the expense and burden make it impracticable for members of the Classes to individually seek redress.

43. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of the classes and provide for judicial consistency.

44. Absent this action, members of the Classes likely will not obtain redress of their injuries and Defendants will reap the unjust benefit of violating contract and New Jersey law.

45. Plaintiff knows of no difficulty that might be encountered in the management of this litigation that would preclude its maintenance as a class action.

## COUNT I
**Breach of Contract**
**Plaintiff and the Classes v. Defendants**

46. Plaintiff repeats and realleges the allegations set forth above as if fully set forth herein.

47. As described herein, Defendants were contractually required to provide Plaintiff and members of the Classes severance equal to two (2) weeks of pay per year of service, pursuant to the Orbia Severance Guidelines and/or the Offer Letter.

48. Defendants breached these contracts when they failed to pay Plaintiff and members of the Classes their full severance upon termination. Defendants paid Plaintiff no severance following her termination, in breach of both the Orbia Severance Guidelines and Offer Letter.

49. Plaintiffs and members of the Classes were harmed by Defendants' breach of the contracts, in that they were deprived of the severance pay required by the terms of the Orbia Severance Guidelines and/or Offer Letter.

50. Plaintiff and members of the Classes are each due their unpaid severance, consequential damages resulting from Defendants' breach, and interest.

## COUNT II
### Violation of WCL
### Plaintiff and the NJ Classes v. Defendants

51. Plaintiff repeats and realleges the allegations set forth above as if fully set forth herein.

52. Defendants are "employers" within the meaning of the WCL, N.J.S.A. § 34:11-57.

53. Plaintiff and members of the NJ Classes were "employees" of Defendants within the meaning of the WCL, N.J.S.A. § 34:11-57.

54. The severance benefits due to Plaintiff and members of the NJ Classes constitutes "Wages" within the meaning of the WCL. N.J.S.A. § 34:11-57 (defining "Wages" as "any moneys due an employee from the employer whether payable by the hour, day, week, semimonthly, monthly or yearly and shall include commissions, bonus, piecework compensation and any other benefits arising out of an employment contract").

55. As described herein, Defendants failed to pay Plaintiff and members of the NJ Classes their severance benefits owed pursuant to the Orbia Severance Guidelines and/or Offer Letter.

56. Employers such as Defendants, who fail to pay their employees wages within the meaning of the WCL, shall be liable to the employees for the amount of the unpaid wages, plus liquidated damages equal to 200% of the unpaid wages. N.J.S.A. § 34:11-58(b).

## COUNT III
## NJ WARN
### Plaintiff and the NJ WARN Class v. Defendants

57. Plaintiff repeats and realleges the allegations set forth above as if fully set forth herein.

58. Under NJ WARN, a "termination of operations" means "the permanent or temporary shutdown of a single establishment, or of one or more facilities or operating units within a single establishment." N.J.S.A. § 34:21-1.

59. Under NJ WARN, "establishment" means "a place of employment which has been operated by an employer for a period longer than three years, [which] may be a single location or a group of locations, including any facilities located in this State." N.J.S.A. § 34:21-1 (alteration added).

60. As described herein, the Plant was an "establishment" within the meaning of NJ WARN.

61. As described herein, Defendants effectuated a "termination of operations" when they ceased operations at the Pedricktown Plant.

62. As described herein, Defendants were each "employers" of Plaintiff and the NJ WARN Class, in that the term employer "includes any individual, partnership, association, corporation, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, and includes any person who, directly or indirectly, owns and operates the nominal employer, or owns a corporate subsidiary that, directly or indirectly,

11

owns and operates the nominal employer or makes the decision responsible for the employment action that gives rise to a mass layoff subject to notification." N.J.S.A. § 34:21-2(d).

63. The termination of operations at the Plant resulted in the termination of employment of 50 or more employees, including Plaintiff.

64. As such, Defendants were required to "[p]rovide to each employee whose employment is terminated severance pay equal to one week of pay for each full year of employment." N.J.S.A. § 34:21-2(b). NJ WARN further requires that an "employer shall provide an employee the severance pay required pursuant to this subsection b. or any severance pay provided by the employer pursuant to a collective bargaining agreement or for any other reason, whichever is greater." *Id.* (emphasis added).

65. Defendants violated NJ WARN by failing or refusing to pay Plaintiff and NJ WARN Class Members severance owed pursuant to NJ WARN, or contract, whichever was greater.

66. Employers such as Defendants, who following a termination of operations, fail to pay employees severance owed pursuant to NJ WARN or contract (whichever is greater), shall be liable to the employee for the amount of the unpaid severance, plus reasonable attorneys' fees and costs. N.J.S.A. § 34:21-6.

## COUNT IV
### Violation of WPL
### Plaintiff and the NJ Classes v. Defendants

67. Plaintiff repeats and realleges the allegations set forth above as if fully set forth herein.

68. Defendants are "employers" of Plaintiff and the members of the NJ Classes within the meaning of the WPL. N.J.S.A. § 34:11-4.1(a).

69. Plaintiff and members of the NJ Classes were "employees" of Defendants within the meaning of the WPL. N.J.S.A. § 34:11-4.1(b).

70. The severance benefits due to Plaintiff and members of the NJ Classes constitutes "Wages" within the meaning of the WPL, in that the severance was direct monetary for compensation for labor or services where the amount was determined on a time, task or piece basis, and it was not a supplementary incentive or bonus. N.J.S.A. § 34:11-4.1(c). Pursuant to the Offer Letter, the severance was compensation paid for the labor or services provided by Plaintiff and the Classes for the period of February 13, 2024 through their termination dates.

71. As described herein, Defendants failed to pay Plaintiff and members of the NJ Classes their severance owed pursuant to the Orbia Severance Guidelines and/or Offer Letter.

72. Employers such as Defendants, who fail to pay their employees wages within the meaning of the WCL, shall be liable to the employees for the amount of the unpaid wages, liquidated damages equal to 200% of the unpaid wages, and attorneys' fees and costs. N.J.S.A. § 34:11-4.10(c).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief individually, and on behalf of others similarly situated:

a. An order permitting this litigation to proceed as a class action, pursuant to Fed. R. Civ. P. 23;

b. All unpaid contractual and/or NJ WARN severance and prejudgment interest, to the fullest extent permitted under the law;

c. All unpaid wages, including any unpaid severance, and prejudgment interest, to the fullest extent permitted under the law;

    d. Liquidated damages, to the fullest extent permitted under the law;

    e. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

    f. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

**PLEASE TAKE NOTICE** Plaintiff demands trial by jury as to all issues.

Dated: September 23, 2025

Respectfully Submitted,

by: /s/ Ryan P. McCarthy
Ryan P. McCarthy (219022016)
James E. Goodley (048572013)
**GOODLEY McCARTHY LLC**
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 394-0541
ryan@gmlaborlaw.com
james@gmlaborlaw.com